WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Penny Petty, et al.,<br><br>       Plaintiffs,<br><br>v.<br><br>State of Arizona, et al.,<br><br>       Defendants. | No. CV-15-01338-PHX-DLR<br><br>**ORDER** |

Before the Court is Defendants State of Arizona, Christopher Moody, Brenda Burgess, Keith Smith, and Carson McWilliams' Motion to Dismiss Counts Two, Three, and Four of Plaintiffs' Fifth Amended Complaint. (Doc. 66.) The motion is fully briefed.[1] For the following reasons, Defendants' motion is granted in part.

## BACKGROUND

Gordon Emil Lee began his sentence with the Arizona Department of Corrections (ADOC) at ASPC-Lewis in April 1988. (Doc. 58, ¶ 14.) Lee was in protective custody for almost two decades before Defendants relocated him to the general prison population. (*Id.*, ¶¶ 15, 17.) Afterwards, Lee was repeatedly targeted for assault by other inmates and made numerous requests to be returned to protective custody. (*Id.*, ¶ 18.) On July 4, 2014, Lee was strangled to death in the shower by ASPC-Lewis inmates. (*Id.*, ¶ 21.)

---

[1] Plaintiffs' request for oral argument is denied. The issues are adequately briefed, and the Court finds oral argument will not aid in resolution of the motion. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f).

During the attack, ASPC-Lewis staff allegedly failed to monitor the shower area where Lee was strangled, were inattentive or distracted, slept through the attack, and failed to conduct an inmate count or inspection. (*Id.*, ¶¶ 22-23, 31.)

On April 25, 2016, Plaintiffs filed a fifth amended complaint alleging four causes of action. In counts one and two, Plaintiffs allege claims for gross negligence, wrongful death, and negligent training and supervision. (*Id.*, ¶¶ 27-42.) Counts three and four allege claims under 42 U.S.C. § 1983 for Defendants' deliberate indifference to Lee's safety and failure to implement appropriate policies, customs, and practices in violation of the Eighth and Fourteenth Amendments. (*Id.*, ¶¶ 43-58.) Defendants now move to dismiss counts two, three, and four.

## LEGAL STANDARD

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The task when ruling on a motion to dismiss "is to evaluate whether the claims alleged [plausibly] can be asserted as a matter of law." *See Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When analyzing the sufficiency of a complaint, the well-pled factual allegations are taken as true and construed in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Iqbal*, 556 U.S. at 680, and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2008).

## ANALYSIS

**I. Count Two – Negligent Training and Supervision**

In count two, Plaintiffs allege, *inter alia*, that Arizona negligently failed to train and supervise its employees resulting in Lee's death. (Doc. 58, ¶¶ 39-42.) To state a claim for negligent supervision, the plaintiff must allege that an employee committed a

tort, that the defendant employer had a reason and opportunity to act, and that the defendant failed to perform its duty to supervise. *See Kuehn v. Stanley*, 91 P.3d 346, 352 (Ariz. Ct. App. 2004); *see also Boomer v. Frank*, 993 P.2d 456, 461 (Ariz. Ct. App. 1999). "To prevail on a negligent training claim, a plaintiff must show a defendant's training or lack thereof was negligent[.]" *Guerra v. State*, 323 P.3d 765, 772 (Ariz. Ct. App. 2014), *vacated on other grounds*, 348 P.3d 423 (Ariz. 2015).

Defendants argue that count two fails because the allegations are made against Arizona generally, and do not describe the conduct of any particular employees.[2] (Doc. 66 at 4.) They also assert that the allegations are conclusory and fail to explain how the training, or lack thereof, was inadequate. The Court agrees.

Plaintiffs fail to allege facts permitting the inference that ADOC employees were inadequately trained. The allegations are conclusory and fail to identify a single instance of conduct taken by an ADOC employee due to negligent training. For example, Plaintiffs allege that Arizona "wantonly, recklessly, negligently and carelessly failed in its duties to appropriately train, monitor, guide, supervise and discipline its subordinates," as well as implement certain policy directives, and that this failure caused Lee's death. (Doc. 58 at ¶¶ 41, 42.) But there are no supporting allegations in the complaint that identify what training ADOC employees received, how such training was deficient, which employees took actions that were the result of negligent training, or how the deficient training led to Lee's death. *See Cotta v. Cty. of Kings*, No. 1:13-cv-00359-LJO-SMS, 2013 WL 3213075, at *16 (E.D. Cal. June 24, 2013) (dismissing negligent training and supervision claim because complaint did not allege facts regarding the training of prison personnel). Further, Plaintiffs fail to allege that ASPC-Lewis employees disregarded ADOC policies and protocols because of inadequate training. (*See e.g.*, *id.*,

---

[2] Under Arizona law, a cause of action arising out of tort that is "caused by the director, prison officer or employees of the department, within the scope of their legal duty, shall run only against the state." A.R.S. § 31-201.01(F).

- 3 -

¶¶ 17, 19, 22, 32.)  Consequently, Plaintiffs fail to state a claim for negligent training and supervision, and Count II is dismissed.[3]

**II. Counts Three and Four – Violation of 42 U.S.C. § 1983**

Plaintiffs bring counts three and four under 42 U.S.C. § 1983 for violations of Lee's Eighth and Fourteenth Amendment rights.  "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law."  *Long v. Cty. of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006).  A prison official violates the Eighth Amendment when the alleged deprivation of a Constitutional right is "sufficiently serious," and the plaintiff must show incarceration "under conditions posing a substantial risk of serious harm."  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Defendants argue that the complaint fails to directly implicate the individual Defendants in any wrongful conduct.  (Doc. 66 at 6.)  They assert that the claims improperly seek to impose supervisory liability on the individual Defendants, which is prohibited under § 1983.  Finally, Defendants argue that count four fails to state a claim for failure to train in violation of § 1983.

**A. Count Three**

Plaintiffs bring count three against the individual Defendants alleging that they acted with deliberate indifference to Lee's Eighth Amendment rights.  (Doc. 58, ¶¶ 43-52.)  "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676.  "A showing that a supervisor acted, or failed to act, in a manner that was deliberately indifferent to an inmate's Eighth

---

[3] Plaintiffs assert the Court previously rejected Defendants' request to dismiss count two and "upheld the facts as sufficient."  (Doc. 68 at 4.)  Plaintiffs misread the Court's prior decision.  The Court concluded that Plaintiffs adequately alleged that the individual Defendants acted outside the scope of their employment.  (Doc. 21 at 4.)  Defendants did not previously challenge the sufficiency of the allegations, and thus the Court rendered no opinion on the issue.

1  Amendment rights is sufficient to demonstrate the involvement – and the liability – of
2  that supervisor." *Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011).

3  Plaintiffs allege Christopher Moody, Warden of ASPC-Lewis, is responsible for
4  supervising, training, and overseeing ASPC-Lewis staff, as well as ensuring that the
5  complex is adequately staffed. (Doc. 58, ¶ 6.) Brenda Burgess, Deputy Warden of
6  ASPC-Lewis, is allegedly responsible for overseeing the Protective Custody Unit for
7  Bachman Unit at the complex and for "final determination[s] [regarding] which inmates
8  receive Protective Custody assignments." (*Id.*, ¶ 4.) In addition, Burgess is charged with
9  "ensuring staffing projections are completed in a timely manner" and "address[ing] any
10 staffing irregularities with the Chief of Security and specific Shift Lieutenant." (*Id.*)
11 Plaintiffs allege Keith Smith, Security Operations Administrator at ASPC-Lewis, is
12 responsible for "oversight of the Protective Custody Unit and final determination of
13 appeals from the Protective Custody Unit's decisions related to which inmates receive
14 Protective Custody assignments." (*Id.*, ¶ 8.) Carson McWilliams, Division Director,
15 Offender Operations, is allegedly responsible for "establishing and maintaining staffing
16 patterns and security posts of all Arizona prisons, including the ASPC-Lewis complex."
17 (*Id.*, ¶ 9.)

18 Plaintiffs allege that, after being held in protective custody for nearly two decades,
19 Lee was moved into the general population. (*Id.*, ¶¶ 14-16.) The move allegedly was the
20 result of an internal practice of "random prisoner assignment" in contravention of ADOC
21 provisions. (*Id.*, ¶ 17.) Once Lee was moved into the general population, he was targeted
22 for assault by other inmates and he repeatedly requested that he be moved back into
23 protective custody. (*Id.*, ¶ 18.) Plaintiffs allege that Moody, Burgess, Smith, and
24 McWilliams knew that Lee was targeted for assault, but failed to grant his requests to
25 return to protective custody. (*Id.*, ¶ 19.)[4]

---

27 [4] To the extent that Defendants assert the allegations lack enough specificity, the Court rejects this argument because Plaintiffs are not expected to know the internal
28 affairs of ASPC-Lewis without the benefit of discovery. *See McGrath v. Scott*, 250 F. Supp. 2d 1218, 1227 (D. Ariz. 2003) (noting that plaintiffs need not allege "exhaustive details" and that they should not be expected to know internal operations" of police

- 5 -

The Court finds that these allegations plausibly allege that Moody, Burgess, and Smith personally "acted, or failed to act, in a matter that was deliberately indifferent" to Lee's Eighth Amendment rights. *See Starr*, 652 F.3d at 1206-07. Moody, Burgess, and Smith allegedly work on-site at the ASPC-Lewis complex and have direct involvement in and authority over decisions relating to protective custody determinations and staffing decisions. Plaintiffs allege that all three Defendants knew about the assaults on Lee, as well as his multiple requests for return to protective custody. (Doc. 58, ¶¶ 19, 47-49.) Plaintiffs further allege that Defendants' failure to grant Lee's request to be moved out of general population caused his death. (*Id.*, ¶ 22.) Given Defendants' direct involvement with and responsibility over ASPC-Lewis affairs, the Court finds that Plaintiffs have plausibly alleged that Moody, Burgess, and Smith personally participated in violating Lee's Eighth Amendment rights. *See Farmer*, 511 U.S. at 847 (holding that prison officials may be held liable for violating the Eighth Amendment if they know an "inmate face[s] a substantial risk of serious harm and disregard[] that risk by failing to take reasonable measures to abate it.").[5]

Plaintiffs fail, however, to plausibly allege any personal involvement on the part of McWilliams. McWilliams is not alleged to work directly at ASPC-Lewis or have any direct involvement or authority over protective custody determinations or other affairs at the complex. Instead, he allegedly is responsible for oversight of staffing patterns and practices at *all* Arizona prisons. (*Id.*, ¶ 9.) It is not plausible that McWilliams knew about Lee's situation, and even if he did, there are no allegations that McWilliams had the authority to order Lee back into protective custody. At most, these allegations seek to impose the precise type of supervisory liability that § 1983 prohibits. Consequently, count three is dismissed as to McWilliams only.

**B. Count Four**

---

department prior to discovery"). Plaintiffs have met their pleading burden under *Iqbal*.

[5] The Court previously concluded that Plaintiffs stated a claim of deliberate indifference against Moody. (*See* Doc. 21 at 8.)

Plaintiffs bring count four against the individual Defendants alleging that they acted with deliberate indifference in failing to implement appropriate policies, customs and practices that led to implementation of an informal policy of random assignment of inmates to cells. (Doc. 58, ¶¶ 53-58.) Plaintiffs seek to hold the individual Defendants personally liable for their deliberate indifference to Lee's Eighth Amendment rights on the basis that they implemented this unconstitutional policy. But this claim is no different from count three, in which Plaintiffs allege the individual Defendants were deliberately indifferent to Lee's constitutional rights by ignoring his requests to return to protective custody, as well as implementing the informal policy of random reassignment. Certainly, the random reassignment policy is relevant evidence in determining whether the individual Defendants acted with deliberate indifference to Lee's rights. It is not, however, a separate cause of action. Count four simply alleges an alternative theory of liability already alleged in count three. This is not a failure to train claim—it is merely a repackaged claim for deliberate indifference against the same Defendants. As such, count four is dismissed.[6]

## **CONCLUSION**

In sum, Plaintiffs fail to adequately allege claims for negligent training and supervision set forth in counts two and four. Those counts are dismissed. Furthermore, Plaintiffs fail to plausibly allege direct involvement on the part of McWilliams to establish liability under § 1983 in count three. No counts remain outstanding against McWilliams, and thus he is dismissed from this action.

//

//

---

[6] The conduct of supervisors may result in *municipal liability* if it is established that the supervisors implemented an unconstitutional policy or failed to train employees resulting in constitutional deprivations. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989). In such a case, the policy is considered to represent official policy of the municipality. *Id.* at 890. Here, Plaintiffs do not seek to hold any municipality liable for the conduct of the individual Defendants. Plaintiffs seek to impose personal liability on the individual Defendants for the same conduct alleged in count three.

- 7 -

1    **IT IS ORDERED** that Defendants' motion to dismiss, (Doc. 66), is **GRANTED** with respect to counts two and four and **DENIED** with respect to count three as to all Defendants except McWilliams.  Counts two and four of Plaintiffs' Fifth Amended Complaint are dismissed.  Defendant Carson McWilliams is dismissed from this action.

Dated this 2nd day of August, 2016.

*[signature]*
Douglas L. Rayes
United States District Judge